MEMORANDUM **
Zheng Wang Huang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Quan v. Gonzales, 428 F.3d 883, 885 (9th Cir.2005), and we grant the petition for review and remand.
The IJ’s adverse credibility determination is not supported by substantial evidence, because the IJ did not identify any actual inconsistencies between Huang’s testimony and his asylum application or the letter from Huang’s wife. See Akinmade v. INS, 196 F.3d 951, 957 (9th Cir. 1999) (non-existent discrepancies identified by the agency do not provide a valid basis for an adverse credibility determination). Further, we conclude that the airport interview notes and credible fear interview notes lack certain important indicia of reliability, and thus, the IJ erred in relying on the notes from these interviews to find Huang not credible. See Singh v. Gonzales, 403 F.3d 1081, 1089-90 (9th Cir. 2005). It is apparent from the record before us that the agency listed all possible reasons to support an adverse credibility determination. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009).
Accordingly, we grant the petition for review and remand to the agency to assess Huang’s claims, deeming his testimony credible. See id.; see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
*193 PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.